UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID BENNETT,

    Plaintiff,

v.

PROP. 47 PUBLIC DEFENDER, et al.,

    Defendants.

Case No. 19-08166 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; GRANTING PERMISSION FOR ELECTRONIC FILING**

(Docket No. 6)

Plaintiff, a state parolee, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Public Defenders Lara Wallem and Maried O'Keefe of the "Public Defenders for Prop 47 Department," and the Sixth District Appellate Program ("SDAP"). Dkt No. 1 at 1. Plaintiff has filed a motion for leave to proceed *in forma pauperis,* and a motion for permission for electronic filing. Dkt. Nos. 2, 6.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff seeks money damages "for injuries resulting before and after the final outcome of Plaintiff's criminal proceedings resulting to reversal of (1) a criminal conviction of a felony and (2) reversal of deprivation of equal access to Prop 47 relief following the new law under PC § 1170.18(a) proceedings." Dkt. No. 1-1 at 1. Plaintiff claims he was "falsely in prison after already serving the period (sentence) of time for which is valid exceeding his credit for time served and parole period," and that "had the error… not occurre[d] he would have been off of parole in 2015 (while pending post conviction appeal in prison) rather than in 2019 where he is no longer in prison but illegally on parole." *Id.* at 2-3. Plaintiff claims that Defendants Wallmen and O'Keefe, both told him that he did not qualify for Proposition 47, and that later Defendant Wallmen admitted that she made an error because she thought he was not in custody. *Id.* at 3-4, 6. When Plaintiff pursued the matter with the SDAP,[1] they also "denied effective assistance of counsel" by failing to pursue the issue on appeal. *Id.* at 4. Plaintiff asserts that defendants' actions amount to malpractice, and that it took two appeals before their error was fixed. *Id.* at 3, 5. Plaintiff also claims that there is evidence of "actual innocence of

---

[1] According to their website, the Sixth District Appellate Program is a nonprofit organization that is contracted by the Sixth District as "an administrator for the purpose of assigning and evaluating appointed counsel in indigent appeals." *See* http://www.sdap.org/aboutsdap.html.

2

the felony sentence or conviction" and seeks money damages for injury caused by the ineffective assistance of counsel. *Id.* at 5.

Plaintiff refers to a federal habeas case in this district for "information to this claim," i.e., Case 16-cv-1198(JD). *Id.* at 3. In that habeas matter, Plaintiff asserted that he should receive a reduction in his sentence due to Proposition 47.[2] *See Bennett v. Asuncion*, Case No. 16-cv-01918 JD (PR), Dkt. No. 7 at 2. The district court dismissed the claim for failure to state a cognizable claim for relief because it concerned a matter of state sentencing law and did not present a cognizable federal habeas claim. *Id.* at 3. The federal habeas petition was denied on the merits of the remaining claims. *Id.*, Dkt. No. 43.

This action against public defenders and attorneys representing him on appeal must fail because he cannot sue his lawyer for allegedly ineffective assistance or malpractice in a § 1983 action. An attorney performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings does not act under color of state law, as a person be under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981). The allegations of the complaint concern deficiencies in Plaintiff's appellate attorneys' representation during his criminal appeals. They thus fall squarely within the scope of work that *Polk County* has determined is not actionable under § 1983. Accordingly, those claims are DISMISSED for failure to state a claim upon which relief may be granted.

With respect to Plaintiff's claim for damages based on "actual innocence," it is not clear whether such a claim is ripe. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

---

[2] "Proposition 47 makes certain drug-and-theft related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." *People v. Rivera*, 233 Cal.App.4th 1085, 1091 (2015).

unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. The fact that Plaintiff was resentenced under Proposition 47 does not render the original conviction invalid per se. In other words, the fact that the punishment for the underlying conviction was changed because the State reclassified his offense from a felony to a misdemeanor does not mean that Plaintiff was found "actually innocent" of the original offense. Furthermore, the Court notes that Petitioner's federal habeas action, which was denied on the merits, did not include a claim of actual innocence. *Bennett v. Asuncion*, Case No. 16-cv-01918 JD (PR), Dkt. No. 7. Plaintiff must provide proof that the conviction has been invalided by providing supporting documentation, e.g., a copy of the order reversing the conviction on appeal, an executive order, or a federal writ of habeas corpus. The action will be dismissed with leave to amend for Plaintiff to provide such proof, showing that this action is not *Heck*-barred. Plaintiff must also name the proper Defendant for such a claim, i.e., the county of conviction, since the named defendants are not liable for such a claim.

C.     **Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") at the outset of this action while he was still in custody. Dkt. No. 2. Since that time, Plaintiff filed notice that he is no longer in custody and has been released to the public. Dkt. No. 4. Accordingly, the Court designates the motion as a non-prisoner application, which requires the same information as a prisoner application but without the supporting documentation from prison officials. The application is **GRANTED** based on the showing of indigency. Dkt. No. 2. No initial filing fee is due at this time.

4

### D. Electronic Filing

Plaintiff has filed a motion for permission for electronic case filing. Dkt. No. 6. Plaintiff states that he has reviewed the requirements for e-filing and agrees to abide by them, and that he has regular access to the technical requirements necessary to e-file successfully. *Id.* Accordingly, the Court finds good cause and GRANTS the motion. This case is now designated as an e-filing case. If he has not already done so, Plaintiff should consult the Court's public website, www.cand.uscourts.gov, click on the "ELECTRONIC CASE FILING" link, and register himself. Plaintiff is advised that after this order is filed, all documents (orders and motions from opposing parties) will be served on Plaintiff only electronically and no paper copy will be sent to him. Therefore, Plaintiff should regularly check his mail for notices regarding any filings in this action. Furthermore, all Plaintiff's documents must be e-filed. As an e-filing litigant, Plaintiff may view and download any order or motion filed by an opponent in the case once without charge. **Plaintiff is responsible for making sure that his electronically filed documents actually get filed.**

### CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 19-08166 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

Defendants Lara Wallmen, Maried O'Keefe, and the Sixth District Appellate Program are DISMISSED from this action as Plaintiff fails to state a cognizable claim against them. The Clerk shall terminate them from this action, along with "Prop. 47 Public Defendants Department," which was simply the department under which Plaintiff was attempting to identify Defendant Wallmen and O'Keefe. Dkt. No. 1 at 2.

**Failure to respond in accordance with this order by filing an amended complaint in accordance with the above in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

2. Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. Dkt. No. 2.

3. Plaintiff's motion for permission for electronic case filing is **GRANTED**. Dkt. No. 6. The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff. This will be the last time that items are mailed in hardcopy to Plaintiff who will hereafter be treated as an e-filing litigant. Plaintiff must therefore e-file the amended complaint in the time provided above. *See supra* at 5.

**IT IS SO ORDERED.**

Dated: __June 10, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Pending Motions
PRO-SE\BLF\CR.19\08166Bennett_dwlta