UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>  Plaintiff,<br><br>  v.<br><br>PROP. 47 PUBLIC DEFENDER, et al.,<br><br>  Defendants. | Case No. 19-08166 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; REOPENING ACTION; DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT REVOKING E-FILE STATUS; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 11) |

Plaintiff, a state parolee at the time he filed this action, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Public Defenders Lara Wallem and Maried O'Keefe of the "Public Defenders for Prop 47 Department," and the Sixth District Appellate Program ("SDAP"). Dkt No. 1 at 1. On June 10, 2020, the Court dismissed the complaint with leave to amend. Dkt. No. 7. In the same order, Plaintiff was granted leave to proceed *in forma pauperis* and permission for electronic filing. *Id*. On July 24, 2020, the Court dismissed the complaint for Plaintiff's failure to file an amended complaint in the time provided and entered judgment the same day. Dkt. Nos. 9, 10.

On August 11, 2020, Plaintiff filed a "motion for extension of time and reconsideration and preliminary injunction and temporary restraining order due to covid-19 conditions and motion for counsel." Dkt. No. 11 at 1. The Court addresses each of these

motions below.

**DISCUSSION**

A.   **Motion for Extension of Time and Reconsideration**

At the time he filed this action, Plaintiff was out on parole. Dkt. No. 1. Plaintiff states that on April 5, 2020, he was arrested and placed in Butte County Jail. Dkt. No. 11 at 1. On May 29, 2020, he filed a notice of change of address to Butte County Jail. Dkt. No. 8. Plaintiff asserts that the court order should have been sent to his Butte County address, and now requests reconsideration of the dismissal and more time to amend the complaint. *Id.* Since the change of address was filed before the Court issued the initial review order, there is no reason to believe that the order was not sent to the current address provided by Plaintiff. Nevertheless, in the interest of justice, the Court will assume that a clerical error delayed Plaintiff's receipt of the Court's Order of Dismissal with Leave, causing Plaintiff to miss the deadline. Accordingly, his motion for reconsideration is GRANTED. The Clerk shall be directed to vacate the judgment and reopen this action. Plaintiff's request for an extension of time is also GRANTED. Plaintiff shall file an amended complaint in the time provided at the end of this order.

B.   **Motion for Preliminary Injunction and Temporary Restraining Order**

Plaintiff seeks injunctive relief against Butte County Jail based on COVID-19 related hardships. Dkt. No. 11 at 2-6. However, these are new claims against new Defendants which are unrelated to the underlying claims in this action which is based on a claim for damages based on an allegedly unconstitutional conviction. Dkt. No. 9 at 2-4. The Court advised that Plaintiff's claim for damages may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Plaintiff must provide proof that the challenged conviction has been invalidated and that he must also name the proper Defendant. *Id.* at 4. Accordingly, that damage claim related to an unconstitutional conviction is the only claim that the Court will entertain in this action. If Plaintiff wants relief from conditions at Butte

2

County Jail, he must file a separate action and be subject to those filing fees. Accordingly, the motion for preliminary injunction and temporary restraining order is DENIED.

### C. Electronic Filing Status

In light of the fact that Plaintiff is now in custody, the Court revokes his e-file status. The Clerk shall remove the e-filing designation on this case. Plaintiff shall be served paper copies of all filings in this matter.

### D. Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel because of his alleged incompetency and ongoing mental health proceedings. Dkt. No. 11 at 7.

#### 1. Appointment of Counsel under 28 U.S.C. § 1915

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

Generally, a plaintiff that shows at least some ability to articulate his claims is not

3

entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. *See, e.g.*, *Warren v. Harrison*, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits); *Miller v. McDaniel*, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because he demonstrated an ability to articulate his claims pro se); *Palmer v. Valdez,* 560 F.3d 965, 970 (2009) (holding that an inmate plaintiff who was suffering pain from a surgery and had limited access to legal documents did not require appointment of counsel because he did a good job presenting his case, was well organized, made clear points, and presented evidence effectively). Here, as in the cases cited above, Plaintiff has shown an ability to articulate his claims in spite of his alleged mental health issues: Plaintiff seeks damages for an allegedly unconstitutional conviction. *See supra* at 2. Furthermore, the issues presented are not particularly complex. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman*, 390 F.3d at 1103; *Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn*, 789 F.2d at 1331.

2. **Appointment of Guardian Ad Litem under Fed. R. Civ, P. 17(c)**

Based on his assertion of mental health issues, the Court will also consider whether Plaintiff warrants appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question"

4

exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See*, *e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Plaintiff submits no evidence of incompetence. Rather, he merely asserts that he is currently undergoing mental health proceedings, not that he has been found incompetent. As discussed above, Plaintiff has shown an ability to articulate his claims despite his mental health issues. *See supra* at 4. Furthermore, Plaintiff provides no letter from a mental health professional or other "verifiable evidence" of his incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-02. Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is

not sufficient to raise a substantial question. *See*, *e.g.*, *Day*, 1997 WL 686016, at *2. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02. Plaintiff does not warrant appointment of a guardian ad litem under Rule 17(c).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's motion for reconsideration is **GRANTED**. Judgment is hereby **VACATED**. Dkt. No. 10. The Clerk shall reopen this action.

2. Plaintiff's request for an extension of time to file an amended complaint is **GRANTED**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to attempt to remedy the deficiencies discussed in the Court's Order of Dismissal with Leave to Amend. Dkt. No. 7. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 19-08166 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint in accordance with the above in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

3. Plaintiff's e-filing status is **REVOKED**. Plaintiff shall no longer be treated as an e-filing litigant. Hereinafter, paper copies of all court orders shall be served on

6

Plaintiff, including this order.

4. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice for lack of exceptional circumstances.

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated: _September 2, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Granting Recon; Reopening; EOT to file Am.Compl.
PRO-SE\BLF\CR.19\08166Bennett_eot.recon

7